UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| United States of America, | CRIMINAL NO. 3:08-604-CMC |
| v. | **OPINION and ORDER** |
| Paul Anthony Holmes, | |
| Defendant. | |

This matter is before the court on Defendant's motion for reconsideration. ECF No. 195. The Government has not responded to Defendant's motion.

The Fourth Circuit Court of Appeals has interpreted Rule 59(e) of the Federal Rules of Civil Procedure to allow the court to alter or amend an earlier judgment: "'(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice.'" *Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002) (quoting *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)). "Whatever may be the purpose of Rule 59(e) it should not be supposed that it is intended to give an unhappy litigant one additional chance to sway the judge." *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625 (S.D. Miss. 1990).

Defendant maintains that the court should reconsider its ruling on Ground One for Relief because he "has alleged that he was coerced and misinformed by counsel, who induced him to plead guilty, [and] [Defendant] has stated facts, if true, that would entitle him to relief." Mot. at 2. However, this is the same claim advanced by Defendant in his original motion, and Defendant

1

presents no legally or factually significant argument to persuade this court that it erred. Therefore, Defendant's first argument is rejected.

Defendant also contends that the court erred in finding that counsel was not ineffective relating to counsel's alleged failure to file a promised motion to suppress. Defendant contends the Opinion and Order dismissing the § 2255 motion for relief "contains a warped interpretation of the facts . . . ." Mot. at 2. Defendant's motion contains no additional facts or legal argument other than those initially presented and considered.

Finally, Defendant argues that this court erred in its assessment of Defendant's *Gonzalez-Lopez* claim. Mot. at 3. This claim is also merely Defendant's reargument of a contention previously rejected. Rule 59's purpose is not to give "an unhappy litigant one additional chance to sway the judge." *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625 (S.D. Miss. 1990).

For these reasons, Defendant's motion to reconsider is **denied**.

**IT IS SO ORDERED**.

s/ Cameron McGowan Currie
CAMERON McGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
July 17, 2012